[No. A064864. First Dist., Div. One. Aug. 25, 1994.]

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and CATHLEEN OBERHOFFER, Respondents.

COUNSEL

Laughlin, Falbo, Levy & Moresi and Michael W. Laughlin for Petitioner.

Jones, Clifford, McDevitt, Naekel & Johnson and Yale I. Jones for Respondents.

OPINION

**STRANKMAN, P. J.**—The University of California Board of Regents petitions for review of a Workers' Compensation Appeals Board (WCAB) decision awarding the applicant, a university police officer trainee, full salary in lieu of workers' compensation disability payments pursuant to Labor Code section 4806.[1] We granted review because the WCAB misinterpreted the applicable statutes.

---

[1]Labor Code section 4806 provides: "Whenever any member of the University of California Police Department falling within the 'law enforcement' class is disabled by injury arising out of and in the course of his [or her] duties, he [or she] shall become entitled, regardless of his [or her] period of service with the police department, to leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for a period of not

On July 12, 1991, the university hired the applicant, Cathleen Oberhoffer, as a police officer. Three days later, she began her training at the Napa Regional Academy. On August 30, 1991, she injured both legs (shin splints) while performing the physical agility test. She left the academy in November because of her injury. In March 1992, she returned to the university police department and was given light work in the investigations unit and evidence room. Because she had not graduated from the police academy, she was given no law enforcement duties, that is, she was not allowed to go on patrol, make arrests or take part in other police actions. Her police identification card was replaced with a civilian identification card. In September 1992, the applicant failed another attempt to complete the physical agility test, and in so doing she reinjured her legs. She never did complete the training and graduate from the police academy.

The applicant filed workers' compensation claims for the August 1991 and September 1992 injuries, and she sought full salary under Labor Code section 4806. Following a hearing on the claims, the workers' compensation judge found that the applicant was a member of the University of California Police Department whose principal duties consisted of active law enforcement and that she was entitled to a leave of absence while temporarily disabled without loss of salary for a period not exceeding one year, less credit for temporary disability payments received. The WCAB denied the university's petition for reconsideration.

■ Labor Code section 4806 provides, in substance, that an injured university police officer engaged in active law enforcement may be entitled to a leave of absence while disabled without loss of salary, in lieu of workers' compensation disability payments, for a period not exceeding one year. (See fn. 1, *ante*.) Section 4806 expressly provides that it applies only to members whose principal duties consist of active law enforcement and that it shall apply only to those members specified in Labor Code section 3213. (See fn. 1.)

Labor Code section 3213 provides, in part: "In the case of a member of the University of California Police Department who has graduated from an

---

exceeding one year. This section shall apply only to members of the University of California Police Department whose principal duties consist of active law enforcement, and shall not apply to persons employed in the University of California Police Department whose principal duties are those of telephone operator, clerk, stenographer, machinist, mechanic or otherwise clearly not falling within the scope of active law enforcement service, even though such person is subject to occasional call or is occasionally called upon to perform duties within the scope of active law enforcement service. [¶] This section shall apply only to those members of the University of California Police Department specified in [Labor Code] Section 3213."

academy certified by the Commission on Peace Officer Standards and Training, when he [or she] and all members of the campus department of which he [or she] is a member have graduated from such an academy, and when any such member is employed upon a regular, full-time salary, the term 'injury' as used in this division includes heart trouble and pneumonia . . . ." Section 3213, subdivision (a) defines members as "those employees of the University of California Police Department who are defined as peace officers in Section 830.2 of the Penal Code."

Penal Code section 830.2, which lists the persons who are peace officers, includes a member of the University of California Police Department. (Pen. Code, § 830.2, subd. (c).) Penal Code section 832, subdivisions (a) and (b)(1) provide, in substance, that every person described as a peace officer in chapter 4.5 of the Penal Code must satisfactorily complete an introductory course of training prescribed by the Commission on Peace Officer Standards and Training, and every peace officer must have satisfactorily completed the course of training prior to the exercise of the powers of a peace officer. Penal Code section 832 applies to peace officers who are members of the University of California Police Department.[2]

In this case, the applicant did not complete the training prescribed by the Commission on Peace Officer Standards and Training, and she did not graduate from the police academy. Therefore, she did not qualify for active law enforcement duties as a member of the university's police department. Consequently, she was not entitled to full salary in lieu of temporary disability benefits under Labor Code section 4806. The workers' compensation judge's findings and order to the contrary are not supported by either the evidence or the law.

The WCAB's order denying reconsideration is reversed with directions to grant reconsideration and rescind the findings and order of the judge.

Newsom, J., and Stein, J., concurred.

---

[2]The university's police policies and administrative procedures also require satisfactory completion of basic training requirements before the officer can be assigned duties which include the exercise of peace officer powers. The university's police policies are consistent with the requirements of the Penal Code.